IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ELSA ZAYAS,

   Plaintiff,

v.

MENNONITE GENERAL HOSPITAL, INC., *et al.*,

   Defendants.

CIVIL NO. 14-1744 (JAG-SCC)

OPINION AND ORDER

GARCIA GREGORY, D.J.

     Before the Court is Co-Defendants Mennonite General Hospital's ("MGH") and Admiral Insurance Company's ("Admiral Insurance") (collectively, "Co-Defendants") Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). **ECF No. 98**. By their motion, Co-defendants argue that the Court lacks subject matter jurisdiction over the instant action because of a lack of complete diversity of citizenship between plaintiff and Admiral Insurance, who are both citizens of New Jersey. *Id.* Although Plaintiff admits that there is lack of diversity between herself and Admiral Insurance, she argues that the Court should exercise its discretion to dismiss only the claims against Admiral Insurance—who she claims is a dispensable party—and retain jurisdiction over the rest of the case. *Id.* The Court agrees with Plaintiff's proposal. Accordingly, it will retain jurisdiction over the case by removing Admiral Insurance as a dispensable party.[1]

---

[1] The Court notes that despite having the power to request leave of court to file a reply, Co-Defendants did not attempt to challenge Plaintiff's argument that Admiral Insurance is a dispensable party, which the Court may dismiss in order to retain jurisdiction. *See* L. Civ. R. 7(c).

Civil No. 14-1744 (JAG)                                                                                       2

      Both the Supreme Court and the First Circuit have held that Federal Rule of Civil Procedure 21 "invests district courts with authority to allow a dispensable non-diverse party to be dropped at any time . . . on motion of any party or of [the court's] own initiative . . . on such terms as are just." *Cason*, 770 F.3d at 977 (1st Cir. 2014) (*citing Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989)). More specifically, the Supreme Court has held: "'[T]he question always is, or should be, when objection is taken to the jurisdiction of the court by reason of the citizenship of some of the parties, whether . . . they are indispensable parties, for if their interests are severable and a decree without prejudice to their rights may be made, the jurisdiction of the court should be retained and the suit dismissed as to them.'" *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 572 (2004) (quoting *Horn v. Lockhart*, 17 Wall. 570, 579, 21 L.Ed. 657 (1873)). Thus, the pivotal question in this instance is whether Admiral Insurance is a severable and dispensable party. If so, it is in the interest of judicial economy for the Court to retain jurisdiction over the case by dismissing the claims against Admiral Insurance without prejudice. *See Cason v. Puerto Rico Elec. Power Auth.*, 770 F.3d 971, 977 (1st Cir. 2014); *Gorfinkle v. U.S. Airways, Inc.*, 431 F.3d 19, 22 (1st Cir. 2005).

      In this case, the Court finds that Admiral Insurance is a dispensable party who can be dismissed without prejudice for several reasons. First, Admiral Insurance cannot be considered an indispensable party if it is jointly and severally liable for Plaintiff's damages. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 838 (1989). Here, Plaintiff has included Admiral Insurance as a defendant because it "issued one or more insurance policies covering some or all of the acts and omissions complained of [within the Amended Complaint]" and is "jointly and severally liable to plaintiff Elsa Zayas." **ECF No. 76**. Accordingly, it cannot be considered an indispensable party.

Second, the text of Puerto Rico's direct action statute—which provides rules for suits against insureds and insurers—makes clear that Plaintiff's choice to include Admiral Insurance as a defendant was optional, not mandatory. Indeed, the statute specifically provides that:

> Any individual sustaining damages and losses shall have, **at his option**, a direct action against the insurer under the terms and limitations of the policy, which action he may exercise against the insurer only or against the insurer and the insured jointly . . . . **If the injured party brings suit against the insured alone**, it shall not be deemed to deprive him of the right, by subrogation to the rights of the insured under the policy, to maintain action against and recover from the insurer **after** securing final judgment against the insured.

P.R. Laws Ann. Tit. 26 § 2003 (2013) (emphasis added). Put simply, pursuant to Puerto Rico law, "a plaintiff has the option to have a distinct and separate direct action against either the insurance company *or* the insured." *de León López v. Corporacion Insular De Seguros*, 742 F. Supp. 44, 47 (D.P.R. 1990), *aff'd*, 931 F.2d 116 (1st Cir. 1991) (emphasis in original). Therefore, because Puerto Rico law specifically allows for suit against the insured, the insurer, or both, it cannot be said that Admiral Insurance is a necessary or a dispensable party.

Third, applicable case law confirms that when an insurer destroys diversity, a district court has wide latitude to remove the insurer as a dispensable party in order to preserve jurisdiction and to hear the remaining claims on the merits. *See, e.g., St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73 (2d Cir. 2005) (holding in a diversity case, in which both insurer as subrogee and insured are plaintiffs, and insurer has paid only part of loss incurred by insured, the district court has authority, absent prejudice to any party, to drop non-diverse party, whether insurer or insured, in order to preserve subject matter jurisdiction); *see also W*

Civil No. 14-1744 (JAG)                                                                                                                    4

*Holding Co. v. Chartis Ins. Co. of Puerto Rico*, 300 F.R.D. 63 (D.P.R. 2014) (holding that excess insurer was not a required party because full relief could be afforded to the existing parties).

Here, the Court sees no reason, nor have Co-Defendants advanced any reason, as to why Admiral Insurance is an indispensable party in this action. Accordingly, Co-Defendants' motion to dismiss, **ECF No. 98,** is **DENIED** and Plaintiff's request to remove Admiral Insurance as a dispensable party, **ECF No. 100,** is **GRANTED**. The claims against Admiral Insurance are hereby **DIMISSED WITHOUT PREJUDICE**. Meanwhile, the Court will retain jurisdiction over the case with respect to the remaining parties.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 30th day of August, 2016.

s/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge
